

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# USA v. Berberena

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Berberena" (2004). *2004 Decisions*. Paper 869.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/869

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2361

UNITED STATES OF AMERICA

v.

JONATHAN BERBERENA,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: The Honorable Michael M. Baylson
(D.C. No. 02-cr-587)

_____
Submitted pursuant to Third Circuit LAR 34.1(a)
on March 23, 2004

Before: FUENTES, SMITH and GIBSON\*, *Circuit Judges*

(Filed: April 5, 2004)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

    Jonathan Berberena, pursuant to a written plea agreement, pled guilty to all five

counts set forth in an indictment filed against him: conspiracy to distribute and possession

---

\* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for Eighth Circuit, sitting by designation.

with intent to distribute cocaine base, possession with intent to distribute cocaine and possession with intent to distribute cocaine and cocaine base within one thousand feet of a school. After reading his presentence report, but prior to being sentenced, Berberena moved to withdraw his guilty plea. That motion was denied. He was then sentenced to 384 months imprisonment, five years of supervised release and a special assessment of $500.[1]

After reviewing the record and caselaw, Berberena's counsel now moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), the *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

After considering counsel's *Anders* brief, we are satisfied that she thoroughly examined the record for issues of arguable merit and fulfilled the requirements of *Anders*. Counsel correctly observed that Berberena's plea of guilty limited the issues he is entitled to challenge on appeal to the District Court's jurisdiction, the validity of the guilty plea, and the legality of the sentence. *United States v. Broce*, 488 U.S. 563, 570-75 (1989). As Berberena's counsel noted, there is no basis for disputing the District Court's jurisdiction.

With respect to the validity of Berberena's guilty plea, counsel fully satisfied her obligation under *Anders*. She considered not only whether the guilty plea proceeding complied with the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), but also addressed each of the requirements of Federal Rule of Criminal Procedure 11. Berberena's counsel also properly addressed his motion to withdraw his plea upon learning of the sentence that would result from his presentence report, and noted that the District Court properly denied that motion in light of *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995).

3

Berberena's sentencing was also conscientiously examined by his appellate counsel. We agree that the District Court did not err in calculating the criminal history score. Our review of the record confirms that the District Court had sufficient evidence to support its computation of Berberena's criminal history score.

Counsel advised Berberena of his intention to file an *Anders* brief and that Berberena was entitled to file a *pro se* brief.[2] Berberena filed a brief *pro se* which conformed to the assessment of his case made by his attorney in her *Anders* brief.[3]

In sum, we agree with counsel's assessment of Berberena's appeal. Our own independent review of the record fails to reveal any nonfrivolous issues for appeal.

Accordingly, we will grant counsel's motion to withdraw and affirm the judgment

---

[2]Counsel's notice to Berberena is consistent with Local Appellate Rule 109.2(a) of the Third Circuit which provides:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response *pro se*. After all the briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

[3]We note that Berberena claims ineffective assistance of counsel in his *pro se* brief, but as we noted in *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003), "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack."

of the District Court entered on May 1, 2003. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).